# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CARMELO MARQUEZ PEREZ,

      Petitioner,

      v.                                   Case No. 2:26-cv-00025 KWR-GBW

KRISTI NOEM, *Secretary of the Department of Homeland Security,*
TODD LYONS, *Acting Director, United States Immigration and Customs Enforcement*
PAMELA BONDI, *Attorney General of the United States*, *and*
MARY DE ANDA-YBARRA, *ICE Field Office Director,*

      Respondents.

## <u>ORDER DISMISSING CASE AS MOOT</u>

THIS MATTER comes before the Court on Respondents' Motion to Dismiss (Doc. 10). In his Petition (Doc. 1), Petitioner requested release from immigration detention. Respondents moved to dismiss the Petition, asserting that the challenge to Petitioner's detention is moot because he has been removed from the country. *See* Doc. 10. Respondents also noted that Petitioner was ordered removed and Petitioner waived appeal.  Doc. 10-1 at 1-2.  The Court agrees with Respondents and dismisses this case without prejudice as moot.

Pursuant to local rule, a party has fourteen days from the filing of a motion to respond.  *See* D.N.M. LR-Civ. 7.4(a). The Motion to Dismiss was filed on March 12, 2026. Therefore, Petitioner had until March 26, 2026 to respond. *See* D.N.M. LR-Civ. 7.4(a). Petitioner did not respond to the motion, and the time to file a response has passed. Thus, the Court takes the factual assertion that he has been released as true. *See, e.g,* D.N.M. LR-Civ. 7.1(b) ("The failure of a party to file and

serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion.").

Respondents assert that this § 2241 habeas petition challenging his detention is moot because Petitioner has been released. "Under Article III of the Constitution, federal courts may only adjudicate live controversies." *Cohen Ma v. Hunt*, 372 F. App'x 850, 851–52 (10th Cir. 2010). An "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* (citation and quotation omitted). "Once the controversy ceases to exist, the action is moot and this court lacks jurisdiction." *Id.* (quoting *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007) (citation omitted)). Generally, release from custody may moot a § 2241 habeas petition challenging detention. *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006) (petitioner's "challenge to the legality of his detention without an opportunity for bond or a bond hearing is moot. Ferry's administrative removal order has been executed, and thus, Ferry is no longer in the custody of the DHS to benefit from a bond determination or release."); *Suarez-Tejeda v. United States*, 85 F. App'x 711, 716–17 (10th Cir. 2004) (noting that petitioner's release from custody mooted habeas petition which challenged the legality of the duration of his detention).  Here, Respondents assert that Petitioner has been released from custody as he was removed from the country.  Petitioner does not dispute that he has been released or that this case is moot.

However, a petition is not moot if: (1) secondary or collateral injuries survive after the petitioner is released; (2) after release, the detention is deemed a wrong capable of repetition yet evading review; (3) the respondent voluntarily ceases the allegedly illegal practice but may resume it at any time; or (4) the action is properly certified as a class action. *Riley v. INS*, 310 F.3d 1253, 1256-57 (10th Cir. 2002) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). Here, Petitioner has not

responded to assert that any of these circumstance apply here, and the Court declines to raise them *sua sponte*.

   **IT IS THEREFORE ORDERED** that Respondents' Motion to Dismiss (Doc. 10) is **GRANTED**.

   **IT IS FURTHER ORDERED** that this case is dismissed without prejudice as moot.

_____/S/_____

KEA W. RIGGS
UNITED STATES DISTRICT JUDGE